UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:21-cv-01077-G |
| JEFFREY W. CARPENTER, | § § | |
| *Defendant.* | § § | |

---

## TWIN CITY FIRE INSURANCE COMPANY'S SUR-REPLY TO JEFFREY CARPENTER'S MOTION TO DISMISS

---

CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & AUGHTRY

STEVEN J. KNIGHT
State Bar No. 24012975
steven.knight@chamberlainlaw.com
1200 Smith, Suite 1400
Houston, Texas 77002
(713) 658-1818

HARTLINE BARGER LLP

Melissa Dorman Matthews
State Bar No. 00790603
mmatthews@hartlinebarger.com
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100

## ARGUMENT

What Carpenter does not say in his reply is more revealing than anything he does say. He does not appear to dispute that the three-step analysis from *Sherwin-Williams Company v. Holmes County,* 343 F.3d 383, 38 (5th Cir.2003), all favor deciding this case. He does not offer any meaningful analysis of the *Trejo* factors, which all favor deciding this case. He does not dispute that abstention is the exception to the rule that is rarely justified. *Founders Insurance Company v. Billy's Bar & Grill, LLC*, No. 3:18-CV-00367, 2019 WL 5425478, *4 (N. D. Tex. Oct. 23, 2019). And he does not dispute the established principle of law that "[a] declaratory judgment is a proper manner in which to resolve disputes over liability insurance coverage"—a dispute that Carpenter admits exists between himself and Twin City. *E & R Rubalcava Constr., Inc. v. Burlington Ins. Co.,* 147 F.Supp.2d 523, 526 (N.D.Tex.2000) (citing *Maryland Cas. Co. v. Pac. Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). Instead, he takes an assortment of meritless positions in his effort to avoid this Court's jurisdiction.

Carpenter argues first that his claim for coverage under the policy as the purported owner of a Stowers claim is one for simple negligence and therefore not the proper subject of a declaratory judgment lawsuit. Doc. No. 13 at 1. For support, he suggests that the carrier in *Old American County Mutual Fire Insurance Company v. Shook*, No. 3:12-CV-568-N, 2012 WL 13027060 (N.D. Tex. Dec. 19, 2012), did not file its declaratory judgment lawsuit concerning coverage after being threatened with a Stowers claim that its named insured assigned to Shook, who was a stranger to the policy. *Id.* at 5. Carpenter is mistaken. In its "Complaint for Declaratory Judgment," Old American requested a

2

declaration that "there is no coverage available under the policy" and that "Shook has not and cannot establish a valid Stowers claim under Texas law."[1] Recognizing that "a declaratory action is an appropriate and recognized method of resolving an insurance coverage dispute," the court denied Shook's motion to dismiss. *Id.* at *2.

Next, Carpenter argues that since the Policy is exhausted, Twin City's request for a declaration that the Policy excludes his bonus claim is "moot." Doc. No. 13. at 1. Carpenter's argument is nonsensical. As the purported owner of the Stowers claim, Carpenter must establish the following elements: (i) an unconditional demand (offers a full and final release for the insured); (ii) within the policy limits; (iii) ordinarily-prudent insurer would accept demand, considering the likelihood and degree of the insured's potential exposure to an excess judgment; and (iv) **the claims are covered by the policy**. *See American Physicians Insurance Exchange v. Garcia*, 876 S.W.2d 842 (Tex. 1994). With respect to the fourth element—coverage—"an insurer has no duty to settle a claim that is not covered under the policy." *Id.* at 848. Carpenter cannot establish these elements, including that the claim is covered. Twin City's declaratory judgment action is anything but "moot."

Next, Carpenter argues that the declaratory judgment lawsuit would serve no useful purpose because (i) "[t]he harm has already occurred," (ii) "[t]he parties have no ongoing relationship," and (iii) "Twin City does not claim urgency." As for (i), it is not

_____

[1]     Old American's Complaint is available on Westlaw at 2012 WL 1643016. The quote appear on pages 1-2.

clear what Carpenter is communicating or how this plays into the analysis of the *Trejo* factors. But from Twin City's perspective, the "harm" is Carpenter's erroneous position that Twin City owes him money for a "bonus" under a Policy that excludes claims for salaries, wages and bonuses. As for (ii), this, too, is unclear inasmuch as Carpenter claims to have standing to seek coverage under the Policy to which he is a stranger. As for (iii), there is no requirement that Twin City "claim urgency," and Carpenter's turnover order ripened the issues set forth in Twin City's Complaint.

Carpenter also argues that the Court's deciding this matter would "open the floodgates" for courts to decide Title VII claims, premises defect claims, wrongful death claims, and ERISA claims. Carpenter's argument, again, is nonsensical. Declaratory judgment lawsuits are the appropriate and accepted manner for resolving cases involving coverage disputes, which this Court has repeatedly recognized. *See, e.g., Bonilla*, 2007 WL 2809905; *Allstate Texas Lloyds v. Sawyer,* No. 3:07-CV-0360-G, 2007 WL 2471057 (Aug. 31, 2007) (Hon. J. Fish); *Cincinnati Specialty Underwriters Ins. Co. v. Chajon*, No. 3:16-CV-3180-G, 2017 WL 3233045 (N.D. Tex. 2017).

Carpenter asks the Court to dismiss this case because he thinks "Twin City has part of the defense litigation file."  Doc. No. 13. Once again, Carpenter's argument is nonsensical. Twin City, which is not a party to the underlying lawsuit, agreed to pay his employer's defense costs subject to its right to deny indemnity due to the Policy's exclusions. His employers were represented by counsel of their choice throughout the trial. And to the extent Carpenter suggests the turnover order directed non-party Twin City give him "documents," Carpenter ignores that the order pertained to "all current and

4

former counsel for Judgment Debtors." Appendix at 178.

Addressing the lack of coverage here serves a very useful purpose as such a determination would moot the Stowers claim entirely. That would result in efficiency/judicial economy as there would be no need for any further proceedings related to Carpenter's attempt to require Twin City to satisfy his employer's alleged promise to give him a bonus.

## CONCLUSION

Twin City Fire Insurance Company respectfully requests the Court to deny Carpenter's motion to dismiss and to grant Twin City any and all other relief to which it may be entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & AUGHTRY

By:   */s/ Steven J. Knight*
    STEVEN J. KNIGHT
    State Bar No. 24012975
    steven.knight@chamberlainlaw.com
    1200 Smith, Suite 1400
    Houston, Texas 77002
    (713) 658-1818

HARTLINE BARGER LLP

    Melissa Dorman Matthews
    State Bar No. 00790603
    mmatthews@hartlinebarger.com
    8750 N. Central Expressway, Suite 1600
    Dallas, Texas 75231
    (214) 369-2100

## CERTIFICATE OF SERVICE

The undersigned certifies that, on July 7, 2021, the foregoing was served on the following counsel via the Court's EM/ECF system.

Amy E. Gibson
David L. Wiley
Gibson Wiley PLLC
1500 Jackson Street, No. 109
Dallas, Texas 75201

*Counsel for Jeffrey Carpenter*

_/s/ Steven J. Knight_
STEVEN J. KNIGHT

4150716.v1

6