UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:21-CV-1077-G |
| JEFFREY W. CARPENTER, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Rule 12(b)(1) motion to dismiss Twin City Fire

Insurance ("Twin City")'s complaint filed by the defendant Jeffrey W. Carpenter

("Carpenter"). *See* Jeff Carpenter's Motion to Dismiss Complaint for Declaratory

Relief and Brief in Support ("Motion") (docket entry 8). For the reasons set forth

below, the motion is granted.

### I.  BACKGROUND

Carpenter sued Twin City's insureds in Texas state court on March 13, 2008.

*See* Motion at 4. Twin City paid the defense costs "subject to a full reservation of

rights that included the right to deny indemnity coverage . . . [and] all other rights and defenses available under the Policy and applicable law." Complaint (docket entry 1) at 5. The litigation carried on for several years. Carpenter tendered a purported "*Stowers* demand" on February 11, 2016. *See* Motion at 4; Complaint at 5. Twin City rejected the offer, and the case went to trial.

The case was tried in January of 2018. Complaint at 5. Carpenter prevailed, and final judgment was entered in his favor along with a damages award of $928,020.76 and $820,818.00 in attorneys' fees. See *id*. at 6. Twin City's insureds then filed appeals to the intermediate appeals court and eventually the Texas Supreme Court. See *id*.; Motion at 6. Twin City continued to fund the litigation. The Texas Supreme Court denied the petition for review and later denied a motion for rehearing on March 5, 2021, ending the appeals process. *See* Motion at 6.

On April 30, 2021, the trial court entered a "turnover order" stating "Carpenter is entitled to the right to have liquidated all common law causes of action Judgment Debtors may own under *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929) and its progeny, to see if they might satisfy, in whole or in part, the judgment in this case."[1] Complaint at 6-7. The

---

[1] Under Texas law, this is the cause of action available to insureds against insurers for breaching their "*Stowers* duty to exercise ordinary care when settling a third-party claim against its insured." Michol O'Connor, *O'Connor's Texas Causes of Action* 384 (2018).

turnover order also granted Carpenter rights to certain documents and related information.  *See* Motion at 8.  Twin City has not given Carpenter any documents up to this point.  See *id.* at 9.

Twin City instead filed this action for a declaratory judgment on May 12, 2021.  The complaint alleges that the insured must have been entitled to coverage under the policy in order to succeed in a *Stowers* action and requests that the court declare Carpenter's original claim against the insureds was never covered under the policy.  *See* Complaint at 7.  Carpenter subsequently filed the instant motion to dismiss on June 3, 2021, asking the court, in its discretion, not to hear the case.  *See* Motion at 2, 9, 12.  Twin City responded on June 17, 2021.  *See* Twin City Fire Insurance Company's Response to Jeffrey Carpenter's Motion to Dismiss ("Response") (docket entry 11).  Carpenter replied on July 1, 2021.  *See* Reply in Support of Jeff Carpenter's Motion to Dismiss Complaint for Declaratory Relief ("Reply") (docket entry 13).  The motion is therefore fully briefed and ripe for decision.

## II.  ANALYSIS

Courts in the Fifth Circuit consider three questions when deciding whether to dismiss a declaratory relief action: (1) whether the claim is justiciable; (2) whether the district court has the authority to grant declaratory relief; and (3) whether to exercise its discretion not to hear the case.  See *Sherwin-Williams Company v. Holmes*

-3-

*County*, 343 F.3d 383, 387 (5th Cir. 2003).  The court will assume, since the parties do not dispute, that the claim is justiciable and the court has authority to grant declaratory relief.  The only issue is whether the court should nonetheless decline to hear the case.

The Fifth Circuit has identified seven nonexclusive factors to consider when making this determination:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994)).  This list is nonexclusive, and a court may consider other factors in deciding how to exercise its discretion to decide or dismiss a declaratory judgment action.  See *id*.

These "*Trejo*" factors are directed towards three aspects common to all of the federal circuits' expressions of the factors given by the Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942): federalism—"the proper allocation of decision-making between state and federal courts"; fairness—"distinguish[ing] between legitimate and improper reasons for forum selection"; and efficiency—avoidance of "duplicative or piecemeal litigation where possible."[2]  *Sherwin-Williams*, 343 F.3d at 390–91.  Specifically, the first and last *Trejo* factors address federalism concerns; the second, third, and fourth factors address fairness concerns; and the fifth and sixth factors address efficiency concerns.  *Id*. at 391.

## A. Federalism

Both parties correctly note that no state lawsuit is pending at this time.

---

[2]    The court mentions this as a reminder that the *Trejo* factors are not meant as a simple checklist to be added up at the end.  Treating them as such can cause one to lose the forest for the trees.  The factors are useful, though nonexclusive (and thus nondispositive), guideposts for determining whether retaining jurisdiction over the particular case serves the ultimate interests of federalism, fairness, and efficiency.  As will be detailed, Carpenter has convincingly shown that exercising jurisdiction over this case serves none of the three interests.

Further, the court accepts that it is not being asked to interpret the turnover order or any other state court order.  That said, "the proper allocation of decision-making between state and federal courts" is still implicated.  See *id*. at 390–91, 394, 397.  "In sum, this dispute is not governed by federal law and there are no federal interests at stake.  The state law to be applied is well-settled.  The state court is perfectly capable of resolving this dispute in accordance with its own law."  *Allstate Insurance Company v. Seelye*, 198 F.Supp.2d 629, 632 (W.D. Penn. 2002) (citing *State Auto Insurance Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000) ("When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.")).  The court is wary of meddling in a controversy that presents only state law issues.  Further, while it is technically accurate that there is no pending state action, it seems obvious that one is coming.  Carpenter confirms as much, "there is not currently a state court action . . ., though one is anticipated."  Motion at 10.  The court is thus inclined to conclude federalism is better served by declining to exercise jurisdiction in this case.

## B.  Fairness

Again, it appears obvious that this case was brought in anticipation of Carpenter's *Stowers* action against Twin City.  Thus, "this court must next determine whether [Twin City] brought the suit for proper or improper reasons."  *Capco*

*International, Inc. v. Haas Outdoors, Inc.*, No. 3:03–CV–2127-G, 2004 WL 792671, at

*4 (N.D. Tex. Apr. 9, 2004) (Fish, C.J.) (citing *Sherwin-Williams*, 343 F.3d at

397–99).  "Improper reasons for bringing declaratory judgment actions include

'subverting the real plaintiff's advantage in state court.'" *Id*. at *4 n.4 (quoting

*Travelers Insurance Company v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774,

777 (5th Cir. 1993)).  "The courts properly decline relief if the declaratory-judgment

procedure, and the federal forum, is being used for 'procedural fencing' or 'in a race

for *res judicata*.'  On the other hand, if the issuance of a declaratory judgment would

effectively settle the dispute and clarify the legal relations at issue, then it may be

granted."  Wright & Miller § 2759 (4th ed. April 2021 update).  "[I]t is not one of

the purposes of the declaratory judgment acts to enable a prospective negligence

action defendant to obtain a declaration of non-liability."  *Torch, Inc. v. LeBlanc*, 947

F.2d 193, 196 n.2 (5th Cir. 1991) (citations omitted); see also Wright & Miller,

*supra*, § 2765 ("The courts also have held that it is not one of the purposes of the

declaratory judgments act to enable a prospective negligence action defendant to

obtain a declaration of nonliability . . . [other considerations should not] outweigh

the right of a personal-injury plaintiff to choose the forum and the time, if at all, to

assert a claim.").

     The court concludes that Twin City filed this lawsuit for "improper reasons."

It had many years to have a court declare whether its insureds were covered under

the policy.  It chose to do so only after it was faced with a *Stowers* claim.  Indeed, it chose to do so just weeks after the turnover order was entered.  One has to ask, why now?  Why in 2021, as opposed to any year since 2008, did Twin City decide it needed a court to declare its obligations under the policy?  The answer seems obvious.  Now faced with the prospect of a coercive *Stowers* lawsuit, Twin City wants to pluck out one element of that claim and have a federal court examine that discrete issue divorced from the whole *Stowers* action.  This can only be described as "procedural fencing" and a "race for *res judicata*."  Wright & Miller § 2759.

Furthermore, there is no ongoing relationship between these parties that needs clarification.  Carpenter is not Twin City's insured.  Twin City owes no contractual obligations to Carpenter (and for that matter, it no longer owes any contractual obligations to its original insureds).  Carpenter gets it right when he argues "[w]ithout the *Stowers* negligence claim, there is no stand-alone coverage issue." Reply at 1.  Twin City is using the peculiar doctrinal structure of a *Stowers* action in an attempt to convert a common-law tort action into a coverage dispute.  See *Mid-Continent Insurance Company v. Liberty Mutual Insurance Company*, 236 S.W.3d 765, 776 (Tex. 2007) ("*Stowers* is the only *common law tort duty* in the context of third party insurers responding to settlement demands.") (emphasis added).  The court is disinclined to allow such maneuvering.  Doing so would allow prospective tort defendants to "'subvert[] the real plaintiff's advantage in state court.'" *Capco*, 2004

-8-

WL 792671, at *4.  "Therefore, the three *Trejo* factors that address fairness—whether
the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, whether the
plaintiff engaged in forum shopping, and whether possible inequities exist in allowing
the declaratory plaintiff to gain precedence in time or to change forums—all weigh
against . . ." exercising jurisdiction.  *Id*. (citing *Trejo*, 39 F.3d at 590–91).

## C.  Efficiency

"[C]ourts look with disfavor on piecemeal litigation of the matters in
controversy and may refuse declaratory relief on those grounds."  Wright & Miller
§ 2759.  The court would seriously risk piecemeal litigation should it allow this
declaratory judgment action to proceed.  If the court were to find in Carpenter's
favor, the rest of the *Stowers* claim would still need to be litigated.  See *Allied-General
Nuclear Services v. Commonwealth Edison Company*, 675 F.2d 610, 611 (4th Cir. 1982)
(upholding the district court's decision to dismiss because it might not settle the
entire controversy); *Loyalty Conversion Systems Corporation v. American Airlines, Inc.*, No.
2:13–CV–655, 2014 WL 4352533, at *5 (E.D. Tex. Sep. 2, 2014) (citing *Allied-
General*) ("It is well settled that the declaratory remedy should not be invoked merely
to try issues or determine the validity of defenses in pending cases.") (internal
citations omitted).  Two lawsuits to adjudicate one cause of action is the definition of
piecemeal litigation.  Given this possibility, the court concludes that the interests of
judicial economy are served by declining to exercise jurisdiction over this case.

D. Exercise of Jurisdiction Not Warranted

All three interests, federalism, fairness, and efficiency, point towards dismissal. In particular, the fairness factors resoundingly point in that direction. At bottom, this is a common-law tort dispute that should be adjudicated as such rather than an insurance coverage dispute. Therefore, the court declines to exercise jurisdiction over this case.

III. CONCLUSION

For the reasons set forth above, Carpenter's Rule 12(b)(1) motion to dismiss is **GRANTED**.

**SO ORDERED.**

July 26, 2021

A. JOE FISH
**Senior United States District Judge**

-10-